IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD DEAN LORDS,<br><br>Defendant. | CR 21–16–M–DWM<br><br><br><br>ORDER |

On November 10, 2021, Defendant Ronald Dean Lords was sentenced on his plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, one count of money laundering in violation of 18 U.S.C. § 1957, and one count of filing false tax returns in violation of 26 U.S.C. § 7206. (Doc. 29.) Given these crimes, Lords is subject to the Mandatory Victims Restitution Act, *see* 18 U.S.C. § 3663A(c), and the amount of that restitution must be proven by a preponderance of the evidence, *id.* § 3664(e). While the parties agree that Lords must pay restitution, they disagree about the amount. At the sentencing hearing, the government called one restitution witness. Judgment was entered, but the Court deferred the determination of restitution under 18 U.S.C. § 3664. (*See* Doc. 29.) The Court now makes that determination.

The parties' restitution dispute centers on a cluster of parcels of land that

1

once belonged to Frank and Linda Lewis, two of the victims of Lords' financial schemes. Lords helped the Lewis family partition some of their property into four parcels: A, B, C, and D. PSR ¶ 48. Lords provided the Lewises with a $95,000 promissory note with an agreement to pay 5% interest for lots A, C, and D. *Id.* ¶ 49. The parties' understanding of the terms of the promissory note differ. According to the government, the Lewises believed that their names would remain on the title to each lot and the debt was secured only by parcel A—the Lewises apparently did not believe parcels C and D would be at all encumbered under the agreement. (Doc. 23 at 7.) By contrast, Lords believed the promissory note covered the purchase of all three lots, and a trust indenture was filed only on Parcel A. (Doc. 25 at 7.) Parcel C was conveyed by warranty deed to Eagle's Landing Construction and the deed was signed by Frank Lewis, (Doc. 23-3 at 3), and Parcel D was conveyed by warranty deed to Eagle's Landing Construction and the deed was signed by Linda Lewis, (*id.* at 2.)

Ultimately, Lords conveyed Parcels C and D to Melvin Cook, another victim of Lords' financial scheme as collateral for a separate loan agreement with Cook. PSR ¶ 45. When Lords defaulted on his payments to Cook, Cook sold Parcels C and D for a total of $150,000 in September 2020. (Doc. 25 at 7.) The government contends that Lord owes the Lewises $151,952.19, which is the amount Cook made from the sale of the property ($150,000) plus the amount Lords continued to

owe the Lewises after all their efforts to retake ownership of Parcel A and sell it ($1,952.19). (*See* Doc. 23 at 8 n.1.) The government's argument is based on 18 U.S.C. § 3663A(b)(1), which provides that a restitution order must require that the defendant

> in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense return the property . . . or if the return of the property . . . is impossible, impracticable, or inadequate, pay an amount equal to the greater of the value of the property on the date of the damages, loss, or destruction; or the value of the property on the date of the sentencing, less the value (as of the date the property is returned) of any part of the property that is returned.

According to the government, because the Lewises did not intend to convey Parcels C and D to Lords, and those lots have since been sold so that they cannot be returned to the Lewises, they are entitled to the $150,000 proceeds from the sale of those parcels as "the value of the property on the date of sentencing." (Doc. 23 at 10.)

    The problem for the government is that Parcels C and D were not "lost" so as to trigger the obligations under § 3663A(b)(1). Although Lewis testified that she believed Parcel C and D would return to her family if Lords stopped making payments, the documentation provided by the government and accepted into evidence at the sentencing hearing unambiguously shows that the promissory note secured only Parcel A, (Doc. 23-2 at 3), and that Parcels C and D were transferred to Lords, (Doc. 23-3 at 2–3). All these documents were signed by the Lewises, and

3

those signatures indicate the Lewises read and understood the documents they were signing. The Court cannot award restitution for property that was, based on the four corners of the relevant documents, conveyed to Lords and supported by consideration.

Additionally, at the sentencing hearing the parties indicated that Cook was no longer owed any restitution, so the $27,819.39 that the PSR indicates is owed to him is no longer accurate. *See* PSR ¶ 154.

Thus, given that Lords has no outstanding payments due to Cook and the evidence shows that the Lewises are not entitled to the $150,000 proceeds from the sale of Parcels C and D, the proper amount of restitution[1] is $421,652.35. This total figure is based on an award of $7,306.12 in restitution to the Lewises. (*See* Doc. 25 at 8.) Accordingly,

IT IS ORDERED that Lords shall pay the victims restitution in the amount of $421,652.35, with $7,306.12 owing to the Lewis family. The list of payees is attached to the Amended Judgment filed concurrently with this order.

DATED this 23rd day of November, 2021.

Donald W. Molloy, District Judge
United States District Court

---

[1] The parties agree that Lords owes the IRS $264,965.00 in restitution, and that he owes $3,000 to another victim and $146,381.23 to another victim.